**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **Case No. 2:05-cr-170** |
| **v.** | : | **Judge Holschuh** |
| **FRANCIS J. HOLTZHAUER,** | : | **Magistrate Judge Abel** |
| **Defendant.** | : | |
| | : | |

## ORDER

Defendant has been charged with entering an area of Port Columbus International Airport while carrying a loaded gun in his baggage in violation of 49 U.S.C. § 46314.  Section 46314 provides, in relevant part, that "[a] person may not knowingly and willfully enter, in violation of security requirements prescribed under section 44901, 44903(b) or (c), or 44906 of this title, an aircraft or an airport area that serves an air carrier or foreign air carrier."  49 U.S.C. § 46314(a).

On October 11, 2005, Defendant moved to dismiss the charge against him. On February 27, 2006, the Magistrate Judge recommended that Defendant's motion to dismiss be denied. (Report and Recommendation (February 27, 2006)).  This matter is before the Court on Defendant's objection to the Magistrate Judge's February 27, 2006 Report and Recommendation.  (Doc. # 14).

This Court will now review those portions of the Magistrate Judge's recommendation that Defendant has specifically objected to *de novo*.  28 U.S.C. § 636(b)(1)(C).

**I.  Background**

In moving to dismiss, Defendant argues that the Government is misreading and misapplying § 46314(a) in a way that makes the statute an unconstitutional strict liability offense.  The Government contends that the *mens rea* requirement of § 46314(a) applies only to the act of entering an aircraft or airport area.  Thus, the Government contends that, in order to secure a conviction, it must prove that Defendant knowingly and willfully entered an aircraft or airport area and, separately, that Defendant entered in violation of security requirements.

Defendant, on the other hand, argues that the *mens rea* requirement of § 46314(a) applies not only to the act of entering an aircraft or airport area, but also to the requirement that the entry be "in violation of security requirements...."  Thus, Defendant contends that, in order to be convicted, the Government must prove that he knowingly and willfully entered an aircraft or airport area and that he did so knowingly and willfully in violation of security requirements.

In the February 27, 2006 Report and Recommendation, the Magistrate Judge discussed the *mens rea* requirement of § 46314(a).  For instance, the Magistrate Judge noted, *inter alia*, that

> If the Government's reading is adopted, then the adverbs "knowingly and willfully" are in a practical, everyday sense meaningless.  Except in cases of mental incompetence or duress, every person who enters "an aircraft or an airport area that serves an air carrier or foreign air carrier" does so knowingly and willfully. ...  An intent requirement that focuses solely on an everyday physical act gives the person no notice of what is prohibited.

(Report and Recommendation at p. 4 (February 27, 2006) (citing Lambert v. California, 355 U.S. 225, 228-30 (1958)).  Nevertheless, the Magistrate Judge ultimately recommended that Defendant's motion to dismiss be denied because, whether the *mens rea* requirement of §

2

46314(a) applies only to the entry or, as argued by Defendant, to the entry and the violation of security requirements, the Information contained a valid charge against Defendant.  (Report and Recommendation at p. 13 (February 27, 2006)).

## II.  Discussion

Defendant has objected to the Magistrate Judge's recommendation that his motion to dismiss be denied.  Defendant specifically contends that he is left in an impossible position, in that he "can not adequately prepare for trial where it is not clear that in fact the constitutional issue with regard to the interpretation by the United States Government that this is an absolute liability statute must be considered and submitted to the jury or to the Judge during the time of trial."  (Objection to the Magistrate's Report and Recommendation).  In the alternative, Defendant requests that the Court make a specific finding that the jury, at the time of trial, will be instructed that "knowingly and willfully" modifies both the term "enter" and the phrase "in violation of security requirements."

This Court agrees that both Defendant and the Government should be specifically informed regarding the *mens rea* requirement of § 46314(a).  As the Sixth Circuit has recognized, "[a]n information adequately charges an offense if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution."  United States v. Lentsch, 369 F.3d 948, 952 (6th Cir. 2004) (quoting United States v. Cor-Bon Custom Bullet Co., 287 F.3d 576, 579 (6th Cir. 2002)).

In this case, the Information charges:

3

> On or about July 11, 2005, in the Southern District of Ohio, the defendant herein, FRANCIS J. HOLTZHAUER, knowingly and willfully entered an area of the Port Columbus International Airport serving an air carrier in violation of security requirements prescribed under sections 44901 and 44903(b) or (c) of Title 49, United States Code, by carrying in his baggage a loaded Kel Tec 32-caliber pistol.

While the Information may technically satisfy the constitutional requirements, because § 46314(a) is subject to two competing interpretations, both of which contain a *mens rea* element, it will be difficult, if not impossible, for Defendant to prepare for trial.[1]  It is therefore important to clarify the *mens rea* requirement of § 46314(a).

With respect to the *mens rea* requirement of § 46314(a), this Court believes that "knowingly and willfully" modifies the term "enter" as well as the phrase "in violation of security requirements."  Therefore, in order to secure a conviction of Defendant, the Government must prove not only that Defendant knowingly and willfully entered the airport, but also that Defendant knowingly and willfully violated the security requirements while entering the airport.

## III.  Conclusion

Defendant's objection (Doc. # 14) to the Magistrate Judge's February 27, 2006 Report and Recommendation is **OVERRULED** in part and **SUSTAINED** in part.  With respect to the recommendation that Defendant's motion to dismiss be denied, the Report and Recommendation is hereby **ADOPTED** and **AFFIRMED**.  However, Defendant's objection is **SUSTAINED** with respect to the Report and Recommendation not containing a finding as to which of two possible

---

[1]If the Government's interpretation is adopted, the Government must merely prove that Defendant knowingly and willfully entered an airport.  If Defendant's interpretation is adopted, the Government must prove that Defendant knowingly and willfully entered an airport and that Defendant knowing and willful violated security requirements while entering the airport.

interpretations of the statute is the correct interpretation.  This Court concludes that the correct interpretation of 49 U.S.C. § 46314(a) is that "knowingly and willfully" modifies the term "enter" as well as the phrase "in violation of security requirements."

**IT IS SO ORDERED.**

May 10, 2003                                    /s/ John D. Holschuh
                                               John D. Holschuh, Judge
                                               United States District Court

5