IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:05-cr-170 |
| v. | : | Judge Holschuh |
| FRANCIS J. HOLTZHAUER, | : | Magistrate Judge Abel |
| Defendant. | : | |
| | : | |

## ORDER

Defendant has been charged with entering an area of Port Columbus International Airport while carrying a loaded gun in his baggage in violation of 49 U.S.C. § 46314. Section 46314 provides, in relevant part, that "[a] person may not knowingly and willfully enter, in violation of security requirements prescribed under section 44901, 44903(b) or (c), or 44906 of this title, an aircraft or an airport area that serves an air carrier or foreign air carrier." 49 U.S.C. § 46314(a).

On October 11, 2005, Defendant moved to dismiss the charge against him, arguing that the Government is misreading and misapplying § 46314(a) in a way that makes the statute an unconstitutional strict liability offense. On February 27, 2006, the Magistrate Judge recommended that Defendant's motion to dismiss be denied. (Report and Recommendation (February 27, 2006)). However, the Magistrate Judge did not resolve the dispute regarding the proper interpretation of § 46314(a). Defendant therefore filed an objection to the Magistrate Judge's February 27, 2006 Report and Recommendation.

On May 10, 2006, this Court overruled in part and sustained in part Defendant's objections. This Court held that "the correct interpretation of 49 U.S.C. § 46314(a) is that

'knowingly and willfully' modifies the term 'enter' as well as the phrase 'in violation of security requirement,'" but nevertheless adopted the Magistrate Judge's recommendation that Defendant's motion to dismiss be denied.  (Order at pp. 4-5 (May 10, 2006)).  This matter is now before the Court on the Government's motion for reconsideration of this Court's May 10, 2006 Order.  (Doc. # 16).

**I. Standard**

The Federal Rules of Criminal Procedure do not specifically provide for a motion to reconsider.  Nevertheless, motions to reconsider have been recognized under the common law doctrine identified in United States v. Healy, 376 U.S. 75 (1964).  See United States v. Sims, 252 F. Supp.2d 1255, 1260 (D. N.M. 2003); United States v. Anderson, 85 F. Supp.2d 1084, 1109 (D. Kan. 1999).  Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  See Sims, 252 F. Supp.2d at 1260; Anderson 85 F. Supp.2d at 1109; United States v. Titterington, CR. 2-20165, 2003 WL 23924932, *1 (W.D. Tenn. May 22, 2003).

The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court.  See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).  A motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(internal citations omitted).  However, a motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial

resources.  American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1997).

**II.  Application**

In moving for reconsideration, the Government merely "reaffirms its position as set forth in its memorandum contra...."  (Motion for Reconsideration at p. 1).  The Government does not identify any newly discovered evidence or point to an intervening change in controlling law.  Instead, the Government cites United States v. Schier, 438 F.3d 1104 (11th Cir. 2006), for the position that, in order to secure a conviction of Defendant for violation of § 46314(a), the Government need not prove that Defendant knowingly or willfully violated airport security requirements.  For the following reasons, this Court concludes that Schier does not provide a basis for the relief requested by the Government.

**A.  Failure to Meet the Standard for a Motion to Reconsider**

First, this Court notes that Schier was decided January 31, 2006.  As was noted *supra*, the Report and Recommendation was issued on February 27, 2006, and this Court's Order was issued on May 10, 2006.  Thus, even if Schier could be considered a "change" in the law, it cannot be considered an "intervening" change in the law.  Also, the Court notes that Schier is an Eleventh Circuit Court of Appeals decision and is therefore not "controlling law."

**B.  Lack of Merit in Motion to Reconsider**

More importantly, Schier does not support the Government's interpretation of § 46314(a).  The sufficiency of the evidence used to support a conviction under this statute is discussed in Schier only in a footnote.  The footnote provides in relevant part:

> According to the terms of the statute, to sustain a conviction under
> § 46314(a), the government must prove two things: (1) that a

3

> defendant knowingly and willfully entered an aircraft or an airport area that serves an air carrier or foreign air carrier, and (2) such entry violated prescribed security requirements. See 49 U.S.C. § 46314(a). As to the first element, prior to trial, Schier *stipulated* that she knowingly and willfully boarded an aircraft in operation in air transportation. As to the second element, the government presented the testimony of a Supervisory Screener at the Philadelphia airport. He testified that on April 14, 2004, the date of Schier's flight, all concourses at the airport had signs prominently posted instructing that "sharp objects" were prohibited from the airplanes. In short, the evidence was sufficient to convict Schier of violating § 46314(a), as charged in the indictment.

Schier, 438 F.3d at 1111, n.3 (emphasis original).

If, as the Government contends, it is not required that a defendant have knowledge that the item in question violates prescribed security requirements, it would not have been necessary in Schier to present evidence that there were signs prominently posted at all concourses at the airport telling all passengers that "sharp objects" were prohibited by prescribed security requirements. Instead, it simply would have been sufficient to show that "sharp objects" were, together with other items, prohibited by the security requirements, regardless of the defendant's knowledge of those requirements.

The Government argues that, as a matter of public policy, "persons going through security need to be responsible for their persons and their possessions." (Motion for Reconsideration at p. 4). The Government also notes that, not only is "the government ... not required to prove that the charged individual actually knew about the prohibited item which he carried," but also that "indeed, in most cases production of such evidence would be unlikely...." (Motion for Reconsideration at pp. 3-4). In this respect, it is interesting to note that in Schier, the FBI Special Agent who interviewed the defendant testified that the defendant had stated,

4

*inter alia*, that "her purse was searched the next day at the airport, and a pair of nail clippers was removed." Schier, 438 F.3d at 1109. Obviously, the defendant carrying nail clippers in an airport area must have been in violation of prescribed security requirements. However, the defendant was not charged with carrying nail clippers in violation of 49 U.S.C.§ 46314(a).

If the Government's interpretation of § 46314(a) is correct, a defendant who happens to possess finger nail clippers and intentionally enters an airport without knowledge that he or she is prohibited from possessing finger nail clippers, is a criminal and could be imprisoned for up to one year. In this Court's interpretation of the statute, the Government would have to prove not only that the defendant knowingly and willfully entered the airport with finger nail clippers in his or her possession, but also that the defendant knew that in doing so he or she was violating the security requirements of the airport.

The Government's burden clearly varies with the nature of the contraband in question. For instance, proving knowledge on the part of a defendant that entering an airport with a loaded firearm is illegal would presumably be a much lighter burden than proving knowledge on the part of a defendant that entering an airport with finger nail clippers is illegal. Regardless of the degree of difficulty, the burden is required, not just as a matter of statutory construction, but also as a matter of fair notice under the due process clause of the Fourteenth Amendment to the United States Constitution. See United States v. Caseer, 399 F.3d 828 (6th Cir. 2005).

**WHEREUPON**, the Government's motion for reconsideration (Doc. # 16) is **DENIED**.

**IT IS SO ORDERED.**

<u>June 8, 2006</u>                                        <u>/s/ John D. Holschuh</u>
                                                                John D. Holschuh, Judge
                                                                United States District Court